UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON M. KOHUT,<br><br>         Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY AGENCY (NSA); DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; DEPARTMENT OF ENERGY; and DHS,<br><br>         Defendants. | Case No.: 20-CV-1733 TWR (RBB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 1, 2) |

  Presently before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("Motion," ECF No. 2). On September 30, 2020, Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging human experimentation and violation of Plaintiff's constitutional rights under the First, Fourth, Fifth, and the Fourteenth Amendments. (*See generally* ECF No. 1 ("Compl.").)

**MOTIONS TO PROCEED *IN FORMA PAUPERIS***

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and

administration fees totaling $400.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Plaintiff has no monthly income, has $300 in savings and $8000 in assets, but his monthly expenses exceed around $800.  (*See generally* Mot.)  The Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs.  Accordingly, the Court **GRANTS** the Motion.

*SUA SPONTE* **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.  Standard of Review**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).  "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."  *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).  Courts have a duty to construe a pro se litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

**III.  Analysis**

Plaintiff does not provide short and plain statements of factual allegations showing that he is entitled to relief.  Plaintiff generally alleges that there is a federal investigation, a "plane flying at low altitude[s] over [Plaintiff]," stalking, drones at night, and people around him shining light causing him injuries.  (*See* Compl. at 6).  These facts are insufficient to meet the pleading requirement under Rule 8(a)(2).  Plaintiff must provide more facts underlying his claims.  *See Sanchez v. Riverside Cty. Code Enf't Agency*, No. EDCV 15-2493 SJO(JC), 2016 WL 6810798, at *3 (C.D. Cal. Oct. 19, 2016) (holding a complaint asserting claims under Section 1983 should be dismissed for failure to allege

any claim against any specific individual with the simplicity, conciseness, and clarity required by Rule 8); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming a dismissal under Rule 8 and finding that a district court may dismiss an action for noncompliance with Rule 8 if it cannot determine who is being sued, for what relief, and on what theory).

## CONCLUSION

In light of the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2); and

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **MAY FILE** an amended complaint on or before **thirty (30) days** from the date on which this Order is electronically docketed.  *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing without prejudice this civil action for failure to prosecute*.

**IT IS SO ORDERED.**

Dated:  October 30, 2020

_____
Honorable Todd W. Robinson
United States District Court